TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

*Of Counsel to*
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Brandon Clark

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brandon Clark, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Aldous & Associates, PLLC; and DOES 1-10, inclusive, | **JURY TRIAL DEMANDED** |
| Defendants. | |

For this Complaint, the Plaintiff, Brandon Clark, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Plaintiff resides here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3. The Plaintiff, Brandon Clark (hereafter "Plaintiff"), is an adult individual residing in Flagstaff, Arizona 86001, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4. The Defendant, Aldous & Associates, PLLC (hereafter "Aldous"), is a company with an address of 4262 Imperial Way, Provo, Utah 84604, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5. Does 1-10 (the "Collectors") are individual collectors employed by Aldous and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6. Aldous at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. Plaintiff allegedly incurred a financial obligation (the "Debt") to Keller Investment Properties (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Aldous for collection, or Aldous was employed by the Creditor to collect the Debt.

10. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Aldous Engages in Harassment and Abusive Tactics

11. Within the last year, Plaintiff contacted the Creditor to make repayment of the Debt.

12. The Creditor advised Plaintiff that the Debt had been turned over to collections and instructed Plaintiff to contact Aldous.

13. Plaintiff contacted Aldous to make repayment. During this conversation, Aldous advised Plaintiff that if he did not make immediate repayment, then the Debt would be placed on his credit report. Aldous' statement plainly overshadowed Plaintiff's right to dispute the Debt.

14. Plaintiff felt coerced by Aldous and repaid the Debt.

15. Moreover, the amount of the Debt was originally $293.00. However, when Plaintiff made repayment to Aldous, he paid $352.00. Aldous claimed that the excess amount was to cover attorneys' fees.

16. Aldous never filed a legal action against Plaintiff; therefore, it had no ability to collect attorneys' fees.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, et seq.

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

19. Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

20. Defendant made false or misleading representations regarding the character, amount, or legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

21. Defendant employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

22. Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

23. Defendant failed to send Plaintiff an initial letter within five days of its initial contact with Plaintiff as required by law, in violation of 15 U.S.C. § 1692g.

24. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25. Plaintiff is entitled to damages as a result of the Defendant's violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against the Defendants as follows:

    A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

    B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

    C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants; and

    D. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

| | | |
|---|---|---|
| 1 | DATED: October 27, 2014 | LEMBERG LAW, LLC |

By: */s/  Trinette G. Kent*
Trinette G. Kent

Attorney for Plaintiff,
Brandon Clark

6